# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAO L. HER, | 1:09-cv-0945 SKO |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |
| v. | (Doc. 1) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## BACKGROUND

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act (the "Act"). 42 U.S.C. §§ 405(g), 1383(c)(3). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 9, 10.) On April 7, 2010, the action was reassigned to the Honorable Sheila K. Oberto for all purposes. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *see also* L.R. 301, 305.

**PRIOR PROCEEDINGS AND FACTS**

**A.     Prior Proceedings**

Plaintiff protectively filed an application for SSI on March 27, 2006, alleging disability beginning March 10, 2004, due to depression, physical body pain, and kidney problems. (Administrative Record ("AR") 11, 75-78.) Following the Commissioner's denial of her application initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 32-33, 59-60, 63-67, 70-74.)

ALJ Sharon Madsen held a hearing on November 6, 2008, and issued a decision on February 13, 2009, finding Plaintiff not disabled. (AR 8-18, 309-35.) On April 9, 2009, the Appeals Council denied review. (AR 3-5.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

**B.     Factual Background**

Plaintiff was born in Laos in 1953 and speaks Hmong. (AR 75, 79, 313.) Plaintiff cannot read, write, or speak English. (AR 79.) She previously worked as a zipper sewing machine operator. (AR 18, 101, 329.) Plaintiff indicated in her disability report as part of her application for SSI that the job required her to lift 50 to 60 pounds frequently. (AR 81.) On March 27, 2006, Plaintiff filed an application for SSI payments due to depression, physical body pain, and kidney problems. (AR 11, 75-78.)

On July 11, 2007, Dr. Harvey Biala, a state agency psychiatrist, evaluated Plaintiff's condition by completing a psychiatric review technique form pursuant to 20 C.F.R. § 416.920a(e). (AR 244-57.) Dr. Biala assessed Plaintiff's functional limitations and opined that Plaintiff's activities of daily living were mildly restricted. She had mild difficulties in maintaining social functioning, but had moderate difficulties in maintaining concentration, persistence, or pace. She experienced no episodes of decompensation. (AR 254.)

On the same day, Dr. Biala also assessed Plaintiff's mental residual functional capacity ("RFC"). (AR 236-43.) He opined as follows:

- Plaintiff's ability to understand and remember detailed instructions was moderately limited, but her understanding and memory were not otherwise significantly limited. (AR 236.)

- Plaintiff was moderately limited in her ability to carry out detailed instructions, but her capacity to sustain concentration and maintain persistence was not otherwise significantly limited. (AR 236-37.)

- Plaintiff's social interaction and adaptation were not significantly limited. (AR 237.)

In assessing Plaintiff's mental RFC, Dr. Biala found that Plaintiff had sufficient ability to (1) understand and remember simple instructions; (2) carry out short instructions; (3) perform activities with directions without additional support; (4) maintain attention in two-hour increments; (5) maintain socially appropriate behavior, accept instructions, and respond appropriately to criticism from supervisors; (6) interact appropriately with the general public; and to (7) appropriately respond to changes in the work setting. (AR 238.)

On July 18, 2007, Dr. A.M. Khong, a state agency physician, assessed Plaintiff's physical RFC. (AR 258-66.) The doctor opined that Plaintiff could occasionally lift and/or carry up to 50 pounds and frequently up to 25 pounds. She could (1) stand and/or walk for a total of about six hours in an eight-hour workday; (2) sit for about six hours in an eight-hour workday; and (3) perform unlimited pushing and/or pulling. (AR 259.) Plaintiff had no postural, manipulative, visual, communicative, or environmental limitations. (AR 259-61.)

On November 6, 2008, Plaintiff appeared for a hearing before the ALJ. She testified through an interpreter that she could only sit for 30 minutes before having to stand up, and could only stand for 20 minutes before having to sit down. (AR 326.) She uses a cane all the time, and could walk only up to 50 feet before having to rest. (AR 326-27.) She estimated that the most she can lift is a half gallon of milk. (AR 327.) During the course of the hearing, the ALJ elicited testimony from a vocational expert ("VE"), who testified that Plaintiff's past work as a zipper sewing machine

operator was light[2] and unskilled, with an SVP of 2.[3]  (AR 329.)  The ALJ further asked the VE the hypothetical question of whether a "person of the same age, education, language, and work background" as Plaintiff who "could lift and carry 50 pounds occasionally and 25 pounds frequently, sit, and stand, or walk six hours per day, and is restricted to simple routine tasks" could perform Plaintiff's past work as a zipper sewing machine operator.  (AR 330.)  The VE answered affirmatively.  (AR 330.)

The VE further testified that such an individual could also do Plaintiff's past work if the individual had the RFC to perform light work.  (AR 330.)  Such an individual could not, however, perform any work if the individual was unable to concentrate for more than 30 minutes at a time.  (AR 330.)  The VE testified that his testimony was consistent with the DOT.  (AR 333.)

On February 13, 2009, the ALJ issued a decision denying Plaintiff's disability application.  Specifically, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the application date of March 27, 2006; (2) has an impairment or a combination of impairments that is considered "severe" based on the requirements in the Code of Federal Regulations; (3) does not have an impairment or combination of impairments that meets or equals one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) and, based on her RFC, could perform her past relevant work.  (AR 13-18.)  On April 9, 2009, the Appeals Council denied review of the ALJ's decision.  (AR 3-5.)

On May 28, 2009, Plaintiff filed a complaint before this Court, seeking review of the ALJ's decision.  Plaintiff argues on appeal that the ALJ erred in determining that she could perform her past relevant work as a zipper sewing machine operator.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b).

[3] The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles* (the "DOT"), which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs. *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.8 (9th Cir. 2007); *see also* 20 C.F.R. § 416.966(d)(1).  "'SVP' refers to the 'specific vocational preparation' level which is defined in the DOT as 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1230 n.4 (9th Cir. 2009) (Wu, J., concurring).  SVP Level 2 refers to "[a]nything beyond short demonstration up to any including 1 month." (Pl.'s Opening Br. at Ex. 1.)

## SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

## APPLICABLE LAW

An individual is considered disabled for purposes of disability benefits if she is unable to engage in any substantial, gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). The impairment or impairments must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of such severity that the claimant is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial, gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

The regulations provide that the ALJ must undertake a specific five-step sequential analysis in the process of evaluating a disability. In the First Step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the Second Step, the ALJ must determine whether the claimant has a severe impairment or a combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the Third Step, the ALJ must determine whether the claimant has a severe impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, in the Fourth Step, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, in Step Five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

**A.     The ALJ Improperly Relied on the Testimony of the Vocational Expert**

Plaintiff does not challenge the ALJ's finding that she retains the RFC to perform medium work.[4] Rather, she contends that she (1) cannot perform her past work as actually performed because she no longer has the physical ability to do so and (2) cannot perform her past work as generally performed because she is illiterate and cannot communicate in English.[5] (Pl.'s Opening Br. at 5-10.) The Commissioner maintains, however, that the VE's testimony was substantial evidence upon which the ALJ reasonably relied in determining that Plaintiff, who could perform medium work,

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the Commissioner determines] that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

[5] "Illiteracy" is defined as the inability to read or write. 20 C.F.R. § 416.964(b)(1). A claimant may be found "illiterate" or "unable to communicate in English" if she is "either illiterate in English or unable to communicate in English or both." *Silveira v. Apfel*, 204 F.3d 1257, 1261 (9th Cir. 2000) (per curiam).

6

could perform her past work. (Def.'s Resp. Br. at 4.)  The Commissioner further asserts that the claimant's ability to communicate in English is not considered when determining whether the claimant retains the RFC to perform her past relevant work. (Def.'s Resp. Br. at 4-5.)

Past relevant work is work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it.  20 C.F.R. § 416.960(b)(1); *see also* 20 C.F.R. § 416.965.  At step four of the Social Security disability determination, the claimant has the burden of showing that she can no longer perform her past relevant work. *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 416.920(e).  The claimant must be able to perform the job as she actually performed it or as it is generally performed in the national economy. Social Security Ruling ("SSR")[6] 82-61; *see also Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001).  Although the burden of proof lies with the claimant at step four, the ALJ "still has a duty to make the requisite factual findings to support his conclusion." *Pinto*, 249 F.3d at 844 (*citing* SSR 82-62).  The ALJ must look at the claimant's RFC and the physical and mental demands of the claimant's past relevant work.  20 C.F.R. § 416.920(e).  The ALJ must make specific findings as to the claimant's RFC, the physical and mental demands of the past relevant work, and the relation of the RFC to the past work.  SSR 82-62.

Here, the ALJ found that Plaintiff has the RFC to (1) lift and carry 50 pounds occasionally and 25 pounds frequently; (2) sit, stand, and/walk for six hours in an eight-hour workday; and (3) perform simple, repetitive tasks. (AR 15.)  In other words, the ALJ found that Plaintiff has the RFC to perform medium work.  *See* 20 C.F.R. § 416.967(c).  In turn, the ALJ determined that Plaintiff could perform her past work as a zipper sewing machine operator "as actually and generally performed." (AR 18.)  In doing so, the ALJ relied on the VE's testimony that, according to the DOT, Plaintiff's past work is light and unskilled. (AR 18, 329.)  The ALJ further relied on the VE's

---

[6] SSRs are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding precedent upon ALJs. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984); *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 692 n.2 (9th Cir. 1999).

testimony that an individual with Plaintiff's RFC "would be able to perform these jobs [sic] as previously performed." (AR 18.)

Plaintiff argues that she cannot perform her past work as she actually performed it because the position required her to lift frequently between 50 and 60 pounds. (AR 81.) A claimant's testimony or a properly completed vocational report can define past work as actually performed. *Pinto*, 249 F.3d at 845; SSR 82-41; SSR 82-61. Defendant contends that Plaintiff did not testify at the hearing that she had to lift frequently between 50 and 60 pounds as a zipper sewing machine operator. (Def.'s Resp. Br. at 4.) Plaintiff reported in her disability report as part of her application for SSI, however, that her position as a zipper sewing machine operator required her to lift frequently between 50 and 60 pounds. (AR 81.) The ALJ did not address this claim in her decision. Therefore, to the extent that the ALJ determined that Plaintiff could perform her past relevant work as she actually performed it, the finding is not supported by the evidence.

Plaintiff further contends that she does not have the ability to perform her past job as a zipper sewing machine operator as it is generally performed because she is illiterate and cannot communicate in English. According to DOT section 787.685-034, Plaintiff's occupation as a zipper sewing machine operator requires a Strength Level of light work and a Language Level of 1. (Pl.'s Opening Br. at Ex. 1.) Language Level 1 specifically requires that a person have the following skills:

| | |
|---|---|
| Reading: | Recognize meaning of 2,500 (two or three syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers. |
| Writing: | Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses. |
| Speaking: | Speak simple sentences, using normal word order, and present and past tenses. |

(Pl.'s Opening Br. at Ex. 1.) Plaintiff maintains that she does not meet the job's Language Level 1 requirement. (Pl.'s Opening Br. at 8-9.)

If the ALJ chooses, as in this case, to rely on the testimony of a VE, the hypothetical posed to the VE must be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. However, if the hypothetical presented to the VE does not reflect all of the claimant's limitations and/or is not supported by evidence in the record, the VE's testimony has no evidentiary

value. *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993); *Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). To ensure the validity of the VE hypothetical, the ALJ should base it upon evidence appearing in the record, whether disputed or not. *Gallant*, 753 F.2d at 1456.

Although it is appropriate for an ALJ to rely on a VE's testimony that contradicts the requirements in the DOT, the ALJ can do so only in instances where "the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). When there is a conflict between the testimony of the VE and the DOT, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony to support a decision about whether the claimant is disabled. SSR 00-4p; *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793-94 (9th Cir. 1997) (remanding where neither ALJ nor VE explained discrepancies between RFC findings and DOT).

In *Pinto*, at the claimant's disability hearing, the ALJ set forth in his hypothetical to the VE that the claimant was illiterate in English and could perform medium work with limitations. 249 F.3d at 843. Based on the VE's testimony, the ALJ found that the claimant could perform her past relevant work as a hand packager. *Id.* at 844. However, the definition of a hand packager in the DOT requires a Language Level of 1. *Id.* at 843-44. The Ninth Circuit found that the ALJ's failure to explain how the claimant's illiteracy limitation related to his finding that the claimant could perform her past relevant work as generally performed constituted reversible error. *Id.* at 847. The Ninth Circuit recognized that a person's ability to communicate in English must be considered when evaluating what work a claimant can perform in the national economy. *Id.* at 846; *see also* 20 C.F.R. § 416.964(b)(5) ("[W]e consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do.").

Here, the ALJ did not expressly include in her hypothetical to the VE the fact that Plaintiff was illiterate, although the ALJ asked the VE to consider Plaintiff's "language." (AR 330.) Although the VE testified that his testimony was consistent with the DOT, the VE failed to explain the impact of Plaintiff's illiteracy on her ability to perform her prior work and failed to account for the deviation from the Language Level 1 requirement set forth in the DOT for the job of a zipper

9

sewing machine operator. The Commissioner asserts that "Plaintiff's argument that she does not possess the language skills to perform the job she used to have is untenable" because "Plaintiff has already performed the job as a zipper sewing machine operator." (Def.'s Resp. Br. at 5.) Such a statement is not persuasive evidence to support a deviation from a DOT requirement. Although "[a] claimant is not per se disabled if he or she is illiterate," the ALJ must definitively explain why he or she deviates from the DOT's language requirements when finding that a claimant can perform her past relevant work. *Pinto*, 249 F.3d at 847. Accordingly, the VE failed to provide persuasive evidence to demonstrate that Plaintiff is capable of performing her past relevant work as a zipper sewing machine operator.

Moreover, the ALJ wholly failed to discuss Plaintiff's literacy in her decision. Although the ALJ's hypothetical questions to the VE regarding Plaintiff's "language" suggest that she deemed Plaintiff to be illiterate, the ALJ makes no specific finding in her decision.[7] This renders the Court unable to completely review the ALJ's analysis. The Commissioner urges the Court to find that Plaintiff was sufficiently literate to perform the identified work, but such a finding would be an inappropriate *post hoc* rationalization. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Based on the foregoing, the ALJ's finding at step four that Plaintiff could perform her past relevant work as a zipper sewing machine operator is not supported by substantial evidence.

**B.   Remand is Required**

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In Social Security cases, the decision to remand to the Commissioner for further proceedings or simply to award benefits is within the discretion of the court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social

---

[7] Another ALJ's decision on July 15, 2003, denying Plaintiff's previous application for SSI noted that Plaintiff "is illiterate in English." (AR 49.)

security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Id.* (alteration in original) (internal quotation marks omitted); *see also Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988) ("Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." (citation omitted)).

The Court has determined that the ALJ erred in finding that Plaintiff could perform her past work. The Court finds that this error can be corrected with further proceedings. The Court, therefore, finds that this action should be remanded for further analysis at step four. On remand, the ALJ shall make a specific finding as to Plaintiff's literacy and sufficiently explain any deviation from the DOT when finding that Plaintiff can perform her past relevant work as a zipper sewing machine operator.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, REVERSED and the case REMANDED to the ALJ for further proceedings consistent with this order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Sao L. Her and against Defendant Michael J. Astrue, Commissioner of Social Security.

IT IS SO ORDERED.

**Dated:   August 11, 2010**          /s/ **Sheila K. Oberto**
                              UNITED STATES MAGISTRATE JUDGE